IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK S. BUTLER** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 22-1472** |
| **v.** | : | |
| | : | |
| **KYLE RUSSELL,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 27th day of December 2022, upon consideration of the *pro se* petition for a writ of *habeas corpus* filed by Patrick S. Butler's ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 2], the Report and Recommendation (the "R&R") issued on May 2, 2022, by the Honorable Lynne A. Sitarski, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the *habeas* petition be denied, [ECF 7], Petitioner's *pro se* objections, [ECF 10, 14], Respondents' response to the objections, [ECF 15], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

  1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The factual history of the underlying criminal action is as follows: On October 14, 2019, Petitioner was arrested and charged with one misdemeanor count of disorderly conduct—unreasonable noise. *Commonwealth v. Butler*, No. CP-39-CR-0000288-2020 (Lehigh Cnty. Ct. Com. Pl.), Criminal Docket, at p. 1. On September 3, 2020, Petitioner pleaded *nolo contendere*, received a sentence of four to eight months of incarceration, and was immediately released.

On April 8, 2022, Petitioner filed the underlying *habeas* Petition, raising claims for relief with regard to his disorderly conduct conviction and detention. [ECF 2]. The Petition was referred to the Magistrate Judge. Upon review of the Petition, the Magistrate Judge submitted an R&R, finding that this Court lacked subject-matter jurisdiction to review the Petition because Petitioner, at the time he filed the Petition, was no longer in custody for the offense of disorderly conduct, and as such, recommended that the Petition be denied.

Petitioner filed original and supplemental objections to the R&R. [ECF 10, 14]. In his objections, Petitioner essentially argues that the disorderly conduct conviction underlying the Petition caused him to violate his Northampton County Supervision, thereby lengthening that supervision and causing him to face additional incarceration. (Objs., ECF 10, at p. 3). Petitioner argues that this collateral consequence is a

restraint on his liberty and constitutes government supervision.  Petitioner further argues that even if the collateral consequence on the Northampton County supervision is not a restraint on his liberty and government supervision, Petitioner can find exception to this standard if he demonstrates cause and prejudice or a fundamental miscarriage of justice.  Specifically, Petitioner submits that any jurisdictional issues can be overcome if he establishes cause and prejudice or a fundamental miscarriage of justice.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R.  *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In conducting its *de novo* review, a court "may accept, reject, or modify, in whole or in part," the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

Upon receipt of the R&R, this Court conducted a *de novo* review of the contested portions of the R&R and concludes that the Magistrate Judge's analysis and conclusion are correct.  Specifically, 28 U.S.C § 2254(a) provides that "a district court shall entertain an application for writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Thus, a petitioner must be in custody at the time that a *habeas* petition is filed.  *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004).  Custody, however, is not limited to individuals under physical confinement; the custody requirement can be met if a petitioner is subject to restraints on liberty not shared by the public generally and is under government supervision.  *Piasecki v. Ct. of Common Pleas*, 917 F.3d 161, 172 (3d Cir. 2019).  Intensive community service, pretrial release, release pending execution of sentence, parole, and probation have all been found to meet the "in custody" standard.  *Barry v. Bergen Cnty. Prob. Dep't*, 128 F.3d 152, 160 (3d Cir. 1997) (citations omitted).  As noted, when Petitioner filed the Petition, he was not in custody, nor was he under any supervision for the disorderly conduct conviction.  Clearly, Petitioner faced no restraints on liberty and continuing supervision for the conviction challenged in the Petition.  Therefore, pursuant to 28 U.S.C § 2254(a) and the caselaw cited, this Court lacks subject-matter jurisdiction.

Petitioner objects to the R&R because when he pleaded *nolo contendere*, he violated the terms of supervision for a prior conviction, resulting in an extended supervision for that prior offense.  Petitioner argues that this extended supervision should meet the "in custody" requirement for jurisdiction in this matter.  Petitioner's argument is creative but legally incorrect.  Section 2254(a) specifically provides that "a district court shall entertain an application for writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court," a situation not present here.  As Petitioner recognizes, his lengthened supervision and additional incarceration in Northampton County is for a different conviction than the one he challenges in the Petition.  As such, his 'custody' is not for his misconduct conviction.  Clearly, this is a collateral consequence of his misconduct conviction and, as such, cannot confer jurisdiction to this Court.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (holding that collateral consequences of a conviction in general, while they can prevent mootness of a *habeas* petition, cannot confer jurisdiction on a court).  A petitioner is not in custody simply because the conviction underlying the *habeas* petition may enhance the sentence for any subsequent convictions.  *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) (citation omitted).  This Court finds this principle from *Garlotte* comparable to prior convictions as well.

In his objections, Petitioner also cites to *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (affirming holding that petitioner failed to show cause for failing to present to state supreme court any claim raised on direct appeal), and *McCandles v. Vaughns*, 172 F.3d 255, 263 (3d Cir. 1999) (concluding that

2. The objections to the Report and Recommendation lack merit and are **OVERRULED**;

3. The Petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.[2]

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

merits of claims could not be considered because appellant did not attempt to show cause and prejudice or a miscarriage of justice). Petitioner's reliance on *Lines* and *McCandles* is misguided. These cases pertain to overcoming procedural default, not the jurisdictional issue present in this case.

Based on the forgoing analysis, this Court finds that Petitioner's objections are without merit. Therefore, the R&R, is approved and adopted, as submitted; and the Petition is denied.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth herein, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner cannot establish that this Court has subject-matter jurisdiction. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.